IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-06-CR-0108-P(6) |
| | § | NO. 3-09-CV-0616-P |
| SHELLEY EDWARD STEWARD | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Shelley Edward Steward, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion is denied.

I.

On April 4, 2007, defendant was charged by superseding indictment with conspiracy to maintain a place for the distribution and use of controlled substances and maintaining a place for the distribution and use of a controlled substance. Because he was in the custody of the Texas Department of Criminal Justice, the government secured a writ of habeas corpus *ad prosequendum* to assure defendant's presence. That writ erroneously stated that defendant was charged with theft of U.S. Mail and aiding and abetting; however, it was accompanied by a valid arrest warrant.

Defendant pled guilty to one count of conspiracy to maintain a place for the distribution and use of controlled substances pursuant to a written plea agreement and factual resume. That plea agreement contained a waiver of many of defendant's rights to bring a direct appeal or challenge his conviction and sentence in a collateral proceeding. On April 23, 2008, the Court sentenced defendant to a term of imprisonment of 48 months, followed by a three year term of supervised

1

release.  On February 20, 2009, defendant's direct appeal was dismissed on his own motion. Defendant then filed this timely motion under 28 U.S.C. § 2255.

II.

In two grounds for relief, defendant contends that the writ by which he was brought to federal court was defective and resulted from prosecutorial misconduct, and alleges that he received ineffective assistance of counsel.

A.

Initially, the government argues that defendant's claims related to the habeas writ are barred by a waiver contained within his plea agreement.  A defendant can waive his right to appeal and to seek post-conviction relief as part of a plea agreement if the waiver is informed and voluntary.  *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  "'It is up to the district court to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right.'" *Id.* (*quoting United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).  Here, the plea agreement signed by defendant provides, in relevant part:

> Steward waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. [H]e further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255, on any ground, including claims of ineffective assistance of counsel.  Steward, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement, ¶ 11).  This provision was specifically pointed out to defendant at rearraignment. (Rearr. Tr. 10-12).  Defendant acknowledged the waiver provision and said he understood that he could not appeal or challenge his sentence except on the limited grounds set forth in the plea

2

agreement. (*Id.* at 12). Defendant does not challenge the legality of this waiver nor deny that it was knowing and voluntary. (*Id.* at 20-21). Because the validity of the writ of habeas corpus *ad prosequendum* is not one of the grounds on which he may appeal or seek post-conviction relief, the claim is barred from federal habeas review.

B.

Liberally construed, defendant claims that his counsel was deficient for (1) failing to investigate potential defenses, the credibility of cooperating co-defendants, and the government's conduct in procuring the writ; (2) neglecting to move for a suppression hearing; (3) not discovering that the court's jurisdiction was illegally obtained; (4) coercing defendant into pleading guilty; and (5) failing to bring a direct appeal.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel, a defendant must satisfy the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.* at 687. Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 691-92. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel). There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *See Romero v.*

3

*Lynaugh*, 884 F.2d 871, 876 (5th Cir. 1989). With respect to guilty pleas, the prejudice requirement "'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Thus, a defendant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.*

1.

An attorney has a duty to independently investigate the charges against his client. *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (*citing Wiggins v. Smith*, 539 U.S. 510, 524 (2003)). While the precise contours of a reasonable investigation are fact-specific and not clearly defined, the Fifth Circuit has held that "'[i]nformed evaluation of potential defenses to criminal charges and meaningful discussion with one's client of the realities of his case are cornerstones of effective assistance of counsel.'" *Id*. (*quoting Washington v. Watkins*, 655 F.2d 1346, 1355 (5th Cir. 1981)). In order to establish that counsel was ineffective for failing to investigate, "a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). "[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hill*, 474 U.S. at 59.

Here, defendant has not provided any indication of what additional investigation would have revealed and how it would have resulted in a different outcome. His conclusory statement that

counsel's "lack of a thorough investigation . . . deprived Steward of a potential defense" (Def. Hab. Pet. at 6) is insufficient to establish ineffective assistance of counsel. Accordingly, this claim is overruled.

2.

Defendant also urges that his attorney was deficient for failing to move for a suppression hearing. The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 383-84 (1986). Defendant has not indicated what, if any, evidence should have been suppressed, nor does he state the grounds for suppression. Counsel is not required to file meritless motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Defendant's conclusory claim is without merit and is overruled.

3.

Defendant next urges that his counsel was ineffective for failing to discover that writ commanding defendant's transport to the Northern District of Texas was defective. As the government notes, the writ of habeas corpus *ad prosequendum* contained an editing error. However, such error did not invalidate the superseding indictment nor the resulting arrest warrant. It is well-settled that a defendant may not challenge either his original removal from state custody or his return thereto after completion of his federal sentence. *Bullock v. Mississippi*, 404 F.2d 75, 76 (5th Cir. 1968) (*citing Derengowski v. United States Marshal*, 377 F.2d 223, 224 (8th Cir. 1967)). "The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between sovereignties which is not subject to attack by the prisoner." *Derengowski*, 377 F.2d at 224; *see also United States v. Irving*, No. 3-09-CV-0648-O, 2009 WL 2138409 at *2 (N.D. Tex. Jul. 17, 2009) (denying federal

habeas petition that claimed ineffective assistance of counsel for failure to investigate and challenge a writ of habeas corpus *ad prosequendum*). Simply stated, the avenue by which defendant was brought into federal custody is not a proper ground for relief. Defendant's counsel was not ineffective for failing to investigate and challenge an issue that is not subject to attack under the law.

4.

Defendant also claims that his attorney coerced him into entering a plea of guilty. A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). The defendant must "'[have] a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (*quoting Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993). Compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id.* at 627.

The record establishes that the court properly admonished defendant in accordance with Rule 11. Before accepting his guilty plea, the court had the prosecutor summarize the essential elements of the offense and informed defendant of the range of punishment. (*See* Rearrign. Tr. at 3, 12, 15-16). Specifically, defendant was told that the maximum penalty for the crime of conviction was not more than 20 years of imprisonment. (*Id.* at 12). Defendant testified that he understood the range of punishment. (*Id.*). With respect to his sentence, the court cautioned defendant that he would be bound by his guilty plea even if his sentence of imprisonment exceeded the amount he was expecting

6

to receive. (*Id.* at 14-15). Defendant stated that he understood that instruction. (*Id.* at 15). Later in the hearing, the court inquired whether anyone had tried to force, threaten, or coerce the defendant to enter a guilty plea against defendant's will, or made any type of promise in an effort to obtain his plea. (*Id.* at 20). Defendant responded, "No, your honor." (*Id.*) This sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In a thinly-veiled attempt to avoid the clear language of the plea agreement and his prior testimony, defendant belatedly protests that his attorney coerced him into a guilty plea. Nothing in the record supports this self-serving, conclusory assertion. Accordingly, it is overruled.

5.

Finally, defendant faults his attorney for failing to pursue the direct appeal that defendant filed following sentencing. However, defendant's direct appeal was dismissed pursuant to his own motion because it raised issues of ineffective assistance of counsel which he preferred to bring by way of a habeas petition. (*See* Govt. Resp., Appx. at 1-4). In any case, no ineffective assistance claim can result from a failure to pursue a meritless appeal. *See Wilkes*, 20 F.3d at 653. Here, defendant knowingly, voluntarily, and intelligently waived his right to appeal. Accordingly, defendant's ineffective assistance claim is overruled.

III.

For the foregoing reasons, the instant motion to correct, vacate, or set aside defendant's sentence filed pursuant to 28 U.S.C. § 2255 is DENIED.

IV.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1] In the event the petitioner will file a notice of appeal, the court notes that the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 17th day of May 2010.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.